UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

YANI CASTILLO,

    Plaintiff,

v.

A'GACI, L.L.C, a limited liability company, and SANDRA DIAZ, an individual,

    Defendants.
_____/

FILED by KS D.C.
AUG 1 1 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

## COMPLAINT

Plaintiff, YANI CASTILLO ("Plaintiff"), *pro-se*, an ex-employee of Defendants, A'GACI, L.L.C ("Defendant Company") and SANDRA DIAZ ("Defendant Diaz") (collectively, "Defendants"), brings this action for overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual and citizen of Florida, who at all material times hereto has resided in Miami-Dade County, Florida. Plaintiff is over the age of 18 and otherwise *sui juris*.

2. Defendant Company is a limited liability company conducting business in Sunrise, Florida.

3. At all times material to this Complaint, Defendant Company had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

4. Based upon information and belief, the annual gross sales volume of Defendant Company was in excess of $500,000.00 per annum at all times material hereto.

5. At all times pertinent to this Complaint, Defendant Company was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

6. Defendant Diaz is an individual and citizen of Florida, who at all material times hereto has resided in Miami, Florida.

7. At all times material hereto, Defendant Diaz managed and/or operated Defendant Company and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rates of pay for employees and/or controlled the finances and operations of Defendant Company. By virtue of such control and authority, Defendant Diaz is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

8. This action is brought to recover from Defendants unpaid overtime compensation, lost wages, liquidated damages, and costs, interest, and reasonable attorneys' fees under the provisions of the FLSA.

9. Jurisdiction is conferred on the Court by 28 U.S.C. § 1337, 29 U.S.C. § 216(b), and 29 U.S.C. § 215(a)(3), and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

10. Venue is appropriate in the U.S. District Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all

CASE NO.: _____

material times conducted and/or continue to conduct business in the Southern District of Florida and/or because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction within the district.

## GENERAL ALLEGATIONS

11.     Plaintiff re-alleges, as if fully set forth herein, the allegations of paragraphs 1 through 10 above.

12.     Between approximately May 2017 through June 2017, Plaintiff worked for Defendants as a titled "General Sales Manager" and was paid a bi-weekly salary for his labor. Plaintiff was classified as non-exempt from the requirements of the FLSA by Defendants during the entire time employed.

13.     Plaintiff worked in excess of forty (40) hours each workweek during his employment with Defendants. For instance:

(a)     During the pay period beginning on May 14th, 2017 and ending on May 27th, 2017, Plaintiff worked twenty-five (10) hours of overtime weekly for which he received no overtime pay.

(b)     During the pay period beginning on May 28th, 2017 and ending on June 24th, 2017, Plaintiff worked over twenty-five (25) hours of overtime weekly for which he received no overtime pay.

14.     Indeed, Plaintiff worked at least two or more overtime hours every day during his employment with Defendants.

15.     In addition to working at least two or more overtime hour every day during employment with Defendants, Plaintiff was required to work through lunch.

CASE NO.: _____

16. Plaintiff was also required by Defendants to work from home, or other remote locations on Plaintiff's days off, and/ or after hours.

17. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him, are in the possession and custody and control of Defendants. Because of that, Plaintiff is unable to state at this time the exact amount owed to him for each workweek.

18. Despite working in excess of forty (40) hours during every workweek of his employment with Defendants, Defendants failed to comply with the FLSA in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked in which overtime was required to be paid.

19. Plaintiff was required to clock in and clock out only for forty hours weekly.

20. Defendants required all additional work to be done off the clock so that Plaintiff avoided overtime pay.

21. Defendant Diaz required work from Plaintiff during early mornings, late nights, through lunch and on days off. Defendant Diaz assigned the work and never compensated Plaintiff for the work.

22. Plaintiff was required to take weekly conference calls while away from his store, and off the clock.

23. Plaintiff was required to answer work phone calls, participate in touch bases with Defendants, and attend to all communication while away from his store and off the clock.

CASE NO.: _____

24. Plaintiff was required to work on schedules while away from his store and off the clock.

25. Plaintiff was required to participate in "bag-checks" while off the clock to comply with Defendant Company's policy.

26. Plaintiff was required to prepare agendas, organize for meetings and communicate progress to Defendant Diaz while away from his store and off the clock.

27. Plaintiff was required prepare for "floorset" and procure store maps and planning while away from his store and off the clock.

28. Plaintiff was required to travel on work-related business while off the clock.

29. Plaintiff objected to working off the clock immediately upon hire to his training manager, Amy Phimvong ("Mrs. Phimvong"). Mrs. Phimvong told him that while she understood, this was common practice at Defendant Company.

30. Mrs. Phimvong alleged that she had worked hundreds, if not thousands, of unpaid hours over the course of 8 years are Defendants' Company.

31. Several weeks after being hired, Mr. Castillo, met with Mrs. Diaz at Sawgrass Mills Mall. During this meeting Mr. Castillo expressed concern to Mrs. Diaz regarding his excessive work off the clock. Mrs. Diaz responded: "At A'GACI you only get paid for 40 hours. I work almost 80 hours a week, I don't get overtime either."

32. Mrs. Diaz is a salaried, exempt, employee of Defendant Company—she would not have been entitled to overtime unlike Mr. Castillo, who was a non-exempt, hourly employee.

CASE NO.: _____

33. Since his termination, Mr. Castillo has received several additional complaints from Defendant Company's current and ex-employees alleging to being in similar, or same situation—showing a clear pattern of FLSA violations at Defendant Company and through the actions of Defendant Diaz.

34. Specifically, Sindy Morales ("Mrs. Morales") and Elliot Won ("Mr. Won") communicated to Mr. Castillo that they too were required to work off the clock without proper pay by Defendant Diaz.

35. Mrs. Morales escalated her complaints to Defendant Company's Human Resources Department during an exit-interview.

36. As a result of Mrs. Morales' complaint, Defendant Company demoted Defendant Diaz from "District Sales Manager" to "Area Sales Manager", in part due to actions by Defendant Diaz in violating the FLSA.

37. Even though Plaintiff and others put Defendant Company on notice regarding FLSA actions they failed to properly compensate Plaintiff or make amends after the fact.

38. Plaintiff is filing this complaint *pro-se* while he continues to search for an attorney to represent him on the matter.

39. Plaintiff is entitled to his reasonable attorney's fees if he is the prevailing party in this action.

**COUNT I: RECOVERY OF OVERTIME COMPENSATION (FLSA) (DEFENDANTS)**

CASE NO.: _____

40. Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 39 above.

41. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked for Defendants in excess of forty (40) hours per work week during the time period relevant to this Complaint.

42. Plaintiff regularly worked between 10 to 25 overtime hours per work week.

43. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week throughout his employment.

44. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

45. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages and may incur reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against Defendants for the payment of all overtime hours at one and one-half his regular rate of pay due to him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees, costs, and interest and for all other relief the Court deems just and proper.

CASE NO.: _____

**WHEREFORE**, Plaintiff demands judgment against Defendant Company for lost back pay, reinstatement or front pay, compensatory damages, punitive damages, reasonable attorneys' fees, costs, interest and for all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a right by a jury.

Respectfully submitted this 7th day of August, 2017

By: _____
Yani Castillo
14650 SW 15th Street
Miami, FL 33184
Telephone: (954) 495-0532
*yanicastillo@outlook.com*